UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANSICO JAMES

                Plaintiff,                           **DECISION AND ORDER**
  -against-                                          CV-04-5115 (JMA)

UNITED STATES OF AMERICA,

                Defendant.
------------------------------------------------------------X

APPEARANCES:

    Mitchell D. Frankel
    SUSSMAN & FRANKEL, LLP
    805 Third Avenue
    Crystal Pavilion, Eleventh Floor
    New York, NY 10022
    *Attorney for Plaintiffs*

    Roslynn R. Mauskopf
    United States Attorney
    One Pierrepont Plaza
    Brooklyn, New York 11201
    *Attorney for Defendant*
            By:    Steven M. Warshawsky
                    Kevin P. Mulry
                    *Assistant United States Attorneys*
                    *Attorneys for Defendant*

**AZRACK, United States Magistrate Judge**:

        In this negligence action, brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA"), plaintiff Fransico James seeks to recover damages for physical injures he allegedly sustained on July 8, 2003, during a motor vehicle accident that involved his car and a car owned by the United States Army and driven by a United States Army employee, Staff Sergeant Danesh Kateli.

        Plaintiff claims that this accident was caused by the defendant's negligence, without any

fault or negligence on the part of the plaintiff. Plaintiff further claims that as a result of the accident, he sustained "serious and severe personal injuries" as defined by the New York State No-Fault Law, N.Y. Ins. Law § 5102(d) (McKinney 2000). Plaintiff seeks to recover damages for these injuries, but not for any damages for which he has been reimbursed by no-fault insurance.

Pursuant to 28 U.S.C. § 636(c) the parties consented to me presiding over a non-jury trial of this action. The trial was bifurcated, with one proceeding at which the issue of liability would be decided, and if necessary, another proceeding at which the issue of damages would be determined. Trial commenced on October 10, 2006, and was completed on October 12, 2006. Having reviewed the parties' submissions, the evidence presented at trial, and assessed the credibility of the witnesses, I now set forth my findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52. For the reasons stated below, judgment is granted to the United States.

## I. FINDINGS OF FACT

The issue in this case is whether a car accident occurring on July 8, 2006, was caused by the negligence of the plaintiff Fransico James or by Staff Sergeant Danesh Kateli. The plaintiff claims that Kateli negligently made a right-hand turn the wrong way down 126th Street and when Kateli corrected his maneuver by swerving left, he collided with the plaintiff. Kateli denies this allegation, instead contending that while waiting to turn left onto 126th Street, plaintiff passed him on the left and caused the accident.

On the afternoon of Tuesday, July 8, 2003, at approximately 4:15 pm, the plaintiff was driving east on Jamaica Avenue, a two-way street with one lane of traffic in each direction, towards 126th Street, a one-lane one-way street running from north to south. Staff Sergeant Kateli's car was

stopped at the intersection of Jamaica Avenue and 126th Street, and he was preparing to make a lawful left turn onto 126th Street. Kateli testified[1] that he was waiting for the oncoming traffic in the westbound lane of Jamaica Avenue to clear, and he had his left turn signal on. The plaintiff came from behind Kateli on Jamaica Avenue, and then attempted to pass Kateli's car on the left from the westbound side of Jamaica Avenue. When Kateli moved into his left-hand turn, the plaintiff, moving forward, struck the government car. The point of contact between the two vehicles was the front right side of plaintiff's car and the front left side of the government car. Kateli described the impact as a "light glance."

Sergeant Kateli's testimony regarding the accident is corroborated by the police accident report, the plaintiff's "no fault" insurance form, and by an expert witness. The police report, completed at the scene of the accident by New York City Police Officer Kelly Tafe, states that "operator of vehicle one," Kateli's car, "went to make a left onto 126th Street, colliding into vehicle two," Mr. James's car. Plaintiff claims that this police report does not accurately reflect his account of the accident because the officers at the scene refused to talk to him. However, at trial Officer Tafe testified that while she did not recall the specifics of this accident, she always completes her reports at the scene of the accident, she always asks both drivers for information, including the names of any witnesses, and she always records information carefully and accurately.[2] I find no reason to believe that Officer Tafe did not fill out the report accurately, thus I find that the police

---

[1] Staff Sergeant Kateli, a United States Army recruiter at the time of the accident, is currently a soldier deployed in Iraq and therefore was not available for trial. His testimony was presented using a deposition dated January 5, 2006, pursuant to Federal Rule of Civil Procedure 32(a)(3).

[2] Officer Tafe testified to having completed at least 30 accident reports in her two years as a highway safety officer.

report reflects plaintiff's statements at the scene of the accident. These statements by plaintiff at the scene not only support the government's version of events, in which Kateli was turning left, but also discount plaintiff's testimony of Kateli attempting a right hand turn.

Plaintiff's no fault insurance form similarly corroborates defendant's version of the accident. This form, which plaintiff submitted to his insurance carrier less than one week after the accident, contains a false statement warning and is signed in two places by the plaintiff. Although the copy received in evidence is incomplete, in describing the accident plaintiff's statement clearly states that the government car made a left turn, colliding with the plaintiff's car.

Furthermore, Dr. Anthony Storace, an expert in accident reconstruction, testified that the physical evidence could only be consistent with an accident of the type described by Kateli, and not an accident as described by the plaintiff. For example, the damage shown on the two vehicles is consistent with a "glance-type" collision, or a side-swipe at a very shallow angle of impact. This, Dr. Storace explained, meant that the cars were nearly parallel when the collision occurred, which indicates the very type of accident to which Kateli testified.

I furthermore find that the plaintiff's own testimony regarding the accident is simply not credible, and fails to overcome the overwhelming evidence supporting the defendant's version of events. The plaintiff's testimony is that Kateli turned, or swung, to the right onto 126th Street, which would be the wrong way down a one-way street, and then turned back to the left, only to collide with the plaintiff's car in the intersection. Plaintiff claims that this collision resulted in his car being pushed, with force, across Jamaica Avenue into the westbound lane. As described above, plaintiff's version of events is contradicted by the defendant's highly credible accounting, the police accident report, the no-fault insurance form, the physical evidence, and an expert witness' analysis.

4

Plaintiff's ex-girlfriend Tiffany Brooks also testified at trial. Ms. Brooks stated that she was standing at the intersection of Jamaica Avenue and 126th Street and was therefore an eyewitness to the accident. However, Ms. Brooks was not identified by the plaintiff as an eyewitness in either the original police report, the second amended police report,[3] or the no-fault insurance form, and was not disclosed as a witness until nearly two years after the accident. Plaintiff's explanations for why he did not include Ms. Brooks in these forms or did not contact her to be a witness earlier are not credible. Plaintiff claims that he did not have contact information for Ms. Brooks (the mother and custodian of his child) or alternatively he did not have a good relationship with her. On cross-examination, however, he admitted that he saw her during this time period and often took care of their child. Therefore, I discount Ms. Brooks's testimony as not credible.

Furthermore, Dr. Storace testified that given the dimensions of the intersection and the turning radius of the government vehicle, Kateli's car could not have turned right onto 126th Street and then veered left back onto Jamaica Avenue, causing the accident in the way that plaintiff describes. Had this happened, Dr. Storace contended, the government car would have struck the plaintiff's car at a larger angle of impact, resulting in a different type of vehicle damage than what occurred. In addition, the vehicle damage is not consistent with an impact of sufficient force to push the plaintiff's car from the eastbound lane on Jamaica Avenue into the westbound lane, which is what plaintiff described.

In sum, the evidence supports only one conclusion- that Sergeant Kateli was turning left, not right, onto 126th Street, and that the plaintiff was negligent in passing him on the left facing

---

[3]Plaintiff filed an amended police report with Officer Tafe on July 10, 2003, two days after the accident. Plaintiff does not identify Tiffany Brooks as a witness in this amended police report.

5

oncoming traffic. Therefore, the resulting accident was caused by the plaintiff's negligence, and not by any negligence of the government.

## II. CONCLUSIONS OF LAW

This Court has subject matter jurisdiction over this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"). The doctrine of sovereign immunity bars claims against the United States without its consent. See United States v. Mitchell, 445 U.S. 535 (1980). Under the Federal Tort Claims Act, the federal government has consented to be sued for its employees' negligent acts or omissions, when acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In the instant case, the July 8, 2003, car accident occurred on the corner of Jamaica Avenue and 126th Street in Queens, New York; thus, New York law applies. See Goldstein v. United States, 9 F. Supp. 2d 175, 186 (E.D.N.Y. 1998) (applying New York law to an action brought under the Federal Tort Claims Act where the accident complained of occurred in New York); Kane v. United States, 189 F. Supp. 2d 40, 51 (S.D.N.Y. 2002) ("Pursuant to the FTCA, New York law governs with respect to the claim of negligence, the sole claim before the Court.").

To prevail on a negligence claim under New York law, the plaintiff must satisfy three elements by a preponderance of the evidence. A plaintiff "must show that the defendant owed the plaintiff a cognizable duty of care, that the defendant breached that duty, and that the plaintiff suffered damages as a proximate result of that breach." King v. Crossland Sav. Bank, 111 F.3d 251, 259 (2d Cir. 1997); see also, Ducrepin v. United States, 964 F. Supp. 659, 663 (E.D.N.Y. 1997).

6

Plaintiff has failed to satisfy the second element of his negligence claim, that the defendant breached a duty of care towards the plaintiff. Based on the testimony and evidence presented at trial, I find that the accident was wholly due to the plaintiff's own negligence in passing the government car on the left hand side. There was simply no credible evidence that contradicts Sergeant Kateli's testimony that he was attempting to turn left onto 126th Street, and was not negligent in doing so. Therefore, plaintiff's reckless conduct, rather than any negligence by the defendant, was the sole proximate cause of the plaintiff's injuries.

## III. CONCLUSION

For the foregoing reasons, based on a preponderance of the evidence, I find that Fransico James has failed to make out a prima facie case of negligence. It is hereby ordered that judgment be entered in favor of the defendant, the United States.

SO ORDERED.

Dated: November 13, 2006
      Brooklyn, New York

                                              _____/s/_____
                                              Joan M. Azrack
                                              United States Magistrate Judge